IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                      CRIMINAL ACTION NO. 1:06CR68

MARK CUNNINGHAM,
        Defendant.

ORDER/OPINION

On the 27th day of March 2008, came the Defendant, Mark Cunningham, in person and by his counsel, Edmund J. Rollo, and also came the United States by its Assistant United States Attorney, John Parr, for hearing on Defendant's Motion to File Additional Motions (Docket Entry 172); Motion for Production of Transcripts (Docket Entry 173); Motion for Exculpatory Evidence (Docket Entry 174); Motion to Disclose Interception of Wire or Oral Communications, and Electronic Surveillance Production and Suppression (Docket Entry 175);Brady Motion for any Evidence in the Government's Possession or Control (Docket Entry 176); Motion for Disclosure of Grand Jury Witness Testimony (Docket Entry 178); Motion for Relief from Prejudicial Joinder (Docket Entry 179); and Motion for a Bill of Particulars (Docket Entry 180); and the United States' Motion to Release Grand Jury Material (Docket Entry 170). The United States filed Responses to each of Defendant's motions (Docket Entries 160 through 169). The matter was then heard on the motions, the responses to said motions, and the arguments of counsel.

Upon consideration of all which, and for reasons stated on the record of the hearing, the Court orders:

Defendant's Motion for Exculpatory Evidence (Docket Entry 174) is **DENIED AS MOOT**;

Defendant's Brady Motion for any Evidence in the Government's Possession or Control

(Docket Entry 176) is **DENIED AS MOOT**; and

Defendant's Motion for Bill of Particulars (Docket Entry 180) is **DENIED AS MOOT**.

Defendant's Motion for Leave to File Additional Motions (Docket Entry 172) is **GRANTED**. Defendant shall have until April 30, 2008, to file any additional motions. The United States' Responses to any such Motions shall be filed on or before May 7, 2008. A hearing on any such motions filed that are referred to the undersigned United States Magistrate Judge shall be scheduled for the week of May 12, should any such motions be filed.

Defendant's Motion for Production of Transcripts (Docket Entry 173) is **CONTINUED**. Defendant shall identify what transcripts he is seeking, and shall request same pursuant to the CJA request process. If any such requests are made, the United States shall have ten days in which to object, on substantive grounds, to the production of the transcripts to Defendant.

Defendant's Motion to Disclose Interception of Wire or Oral Communications, and Electronic Surveillance Production and Suppression (Docket Entry 175) is **GRANTED in part and DENIED in part**. The United States is directed to produce the recordings described in paragraph one of the United States' Response to Defendant's Motion to Disclose Interception of Wire or Oral Communications on or before April 15, 2008. The United States asserts it has no recordings capturing the voice of Defendant Cunningham. Therefore, insofar as Defendant's Motion requests suppression of any such evidence, that Motion is **DENIED**.

The United States' Motion for Release of Grand Jury Materials (Docket Entry 170) is **GRANTED**. Any material produced pursuant to this order shall be maintained by Defendant's counsel and shall not be copied or disseminated.

Defendant's Motion for Disclosure of Grand Jury Witness Testimony (Docket Entry 178)

is **DENIED** as mooted by the Court's Order regarding Docket Entry 170.

**Motion for Relief from Prejudicial Joinder**

Defendant moves the Court to provide separate trials, arguing:

> Given the voluminous amount of evidence pertaining to the other Defendants and the limited and minimal information pertaining to Defendant Mark Cunningham, (1) the jury may confuse and cumulate the evidence, and convict Mr. Cunningham of the alleged conspiracies when it would not convict him if the trials were properly segregated; (2) Mark Cunningham may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that Mark Cunningham is guilty of one crime and then find him guilty of the other because of his criminal disposition.
>
> Further, a joint trial will raise so many issues that a jury may conclude that Mark Cunningham is a "bad person" and must have done something wrong.
>
> Joinder of the counts against [Defendant] in one trial will cause Mark Cunningham significant prejudice. Joinder of the charges against Mark Cunningham with the charges against the other Defendants herein will cause Mark Cunningham significant prejudice.

The United States objects to severance of the counts of the Indictment as well as severance of Defendant from his co-defendants.

Fed. R. Crim. P. 8(a) permits joinder of separate offenses where "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Generally speaking, the Fourth Circuit "ha[s] interpreted the latter two prongs of [Rule 8(a)] flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." United States v. Cardwell, 433 F.3d 378 (4th Cir. 2005)(noting that "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial.")

In this case, the Court finds that each count in the Indictment follows the statutory language of the offense charged and asserts a continuum based on the same acts or transactions, connected

3

with or constituting parts of a common scheme or plan.. In Count One, Defendant is charged, along with co-defendants, with conspiracy to distribute methamphetamine. In Count Two he is charged with conspiracy to travel in interstate commerce in aid of the racketeering enterprise. In Count Three Defendant is charged in the conspiracy to commit money laundering. All three of the counts. . . "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Further, the evidence admissible in each charge would be admissible in each of the other charges. The Court therefore denies Defendant's motion for severance of the counts in the indictment.

Fed. R. Crim P. 8(b) provides that "defendant may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The rule also provides that "defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Assuming proper joinder in the indictment, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540 (4th Cir. 1981). Indeed, unless " a miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. 299, 95 L.Ed. 2d 176, 107 S. Ct. 1702 (1987); United States v. Samuels, 970 F.2d 1312 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868 (4th Cir. 1992). The presumption that co-defendants should and will be tried together applies equally to defendants indicted on conspiracy charges. Zafiro v. United States, 506 U.S. 534, 122 L.Ed.2d 317, 113 S.Ct. 933 (1993); United States v. Akninoye, 185 F.3d 192 (4th cir. 1999), cert. denied, 528 U.S. 1177, 145 L.Ed.2d 1111, 120

S.Ct. 1209 (2000).

Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendant,' or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, supra at 539. No right to severance arises because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. See, e.g., United States v. Khan, 461 F.3d 477 (4th Cir. 2006). To require severance, a defendant must "establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal." United States v. Reavis, 48 F.3d 763 (4th Cir. 1995).

The Fourth Circuit generally adheres to the rule that defendants charged with participation in the same conspiracy are to be tried jointly. United States v. Roberts, 881 F.2d 95, 102 (4th Cir. 1989). In United States v. Smith, 44 F.3d 1259 (4th Cir. 1995), the Fourth Circuit rejected the "stronger evidence against my co-defendant" argument. Specifically, the Court upheld a single trial for the most culpable co-defendant and co-defendants who persistently portrayed themselves as his victims – that is, as being "misled or hooked" by that co-defendant into joining the criminal scheme.

This case involves a conspiracy, in which the defendants, including Defendant here, are alleged to have participated in the same acts or series of acts and transactions. The Court finds that Defendant has not shown actual prejudice would result from a joint trial. In fact, some of the prejudice which Defendant alleges is undermined by the probability that at least some of his co-defendants (including some of the most culpable defendants) will be witnesses as to his alleged involvement at trial. Finally, the Court finds that any prejudice to Defendant would be remedied by limiting instructions to the jury, rather than the more radical remedy of severance, requiring multiple

5

trials.

For all the above reasons, the Court finds that Defendant's "motion for relief from prejudicial

joinder (Docket Entry 179) should be, and hereby is **DENIED**.

IT IS SO **ORDERED.**

The Clerk of the Northern District for the United States District Court shall provide a copy of this order to all counsel of record.

DATED: April 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE